IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re:<br><br>ROOSTER PETROLEUM, LLC<br><br>    Debtor. | Case No. 17-50708<br>Chapter 7 |
| ELIZABETH G. ANDRUS, TRUSTEE,<br><br>    Plaintiff,<br><br>    v.<br><br>ISLAND OPERATING COMPANY, INC.,<br><br>    Defendant. | Adversary No. 19-05054 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Island Operating Company, Inc. ("Defendant"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses ("Answer") to the Complaint [Dkt. No. 1] (the "Complaint") filed by Elizabeth G. Andrus, as Trustee (the "Trustee" or "Plaintiff"). Defendant respectfully states as follows:

### RESPONSES TO ALLEGATIONS IN THE COMPLAINT

#### Jurisdiction

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

#### Venue

4. Defendant admits the allegations in paragraph 4 of the Complaint.

1

## Parties

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

## Background Facts

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 and otherwise denies the same.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 and otherwise denies the same.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 and otherwise denies the same.

## COUNT I – PREFERENTIAL TRANSFER

19. Defendant reasserts and realleges the responses contained in the foregoing paragraphs as though fully restated herein.

20. Defendant admits the legal statement contained in paragraph 20. Otherwise, to the extent the paragraph states the relief sought by Plaintiff, no answer is required.

21. Defendant denies the allegations contained in Paragraph 21.

22. The Complaint lacks a paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Paragraph 24 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

### COUNT II – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 520(d)

25. Defendant admits the legal statement contained in paragraph 25.

26. Paragraph 26 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

### RELIEF REQUESTED

27. Paragraph 27 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

28. Paragraph 28 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

29. Paragraph 29 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

### Prayer

Subparagraphs (a) through (d) of the Prayer state the relief sought by Plaintiff for which no answer is required. To the extent an answer is required, Defendant denies the allegations.

### AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the causes of action alleged by Plaintiff in the Complaint. By designating the following as affirmative defenses, Defendant does

not admit any of the allegations in Plaintiff's claims, or waive or limit any defenses which are or may be raised by its denials, allegations and averments set forth herein. Defendant has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown and unstated, affirmative defenses. Defendant reserves the right to amend its answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

### 1. First Affirmative Defense

30. The alleged transfers set forth in the Complaint are not avoidable pursuant to § 547(c)(2)(A) of the Bankruptcy Code because the alleged transfers were in payment of debts incurred in the ordinary course of business and financial affairs of the Debtor and Defendant.

### 2. Second Affirmative Defense

31. The alleged transfers set forth in the Complaint are not avoidable pursuant to § 547(c)(2)(B) of the Bankruptcy Code because the alleged transfers were made according to ordinary business terms pursuant to § 547(c)(2)(B) of the Bankruptcy Code.

### 3. Third Affirmative Defense

32. The alleged transfers set forth in the Complaint are not avoidable pursuant to § 547(c)(4) of the Bankruptcy Code because after such alleged transfers the Defendant gave new value for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### 4. Fourth Affirmative Defense

33. The alleged transfers set forth in the Complaint are not avoidable because the Defendant maintained rights to perfect oil and gas liens under Sections 362 and 546(b) of the

Bankruptcy Code which would not otherwise have been avoidable, and thus, Defendant did not obtain from the Debtor any greater interest than it would otherwise have realized pursuant to Section 547(b)(5) of the Bankruptcy Code.

### 5. Fifth Affirmative Defense

34. The Plaintiff's claims against the Defendant are barred, in whole or in part, by the doctrine of unjust enrichment.

### Reservation of Rights

35. Defendant reserves the right to supplement the foregoing and assert additional affirmative defenses after discovery of additional information concerning the matters set forth in the Complaint.

36. Defendant further reserves its right to move to withdraw the reference to the United States Bankruptcy Court for the Western District of Louisiana.

### Jury Demand

37. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, as applicable through Rule 9015 of the Federal Rules of Bankruptcy Procedures, Defendant hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Defendant, Island Operating Company, prays that this Court enter an order that Plaintiff take nothing and award Island Operating Company costs and grant any other relief to which it may be justly entitled.

Dated: November 11, 2019

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,　　　　/s/ Benjamin W. Kadden
　　RANKIN & HUBBARD　　　　　　　BENJAMIN W. KADDEN (LA #29927)
　　　　　　　　　　　　　　　　　　JAMES W. THURMAN (LA #38494)
　　　　　　　　　　　　　　　　　　601 Poydras Street, Suite 2775
　　　　　　　　　　　　　　　　　　New Orleans, LA 70130
　　　　　　　　　　　　　　　　　　Telephone: (504) 568-1990
　　　　　　　　　　　　　　　　　　Facsimile: (504) 310-9195
　　　　　　　　　　　　　　　　　　Email: bkadden@lawla.com
　　　　　　　　　　　　　　　　　　jthurman@lawla.com

　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　DIAMOND McCARTHY LLP
　　　　　　　　　　　　　　　　　　Charles M. Rubio
　　　　　　　　　　　　　　　　　　295 Madison Ave., 27th Fl.
　　　　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　　　　Tel: (212) 430-5400
　　　　　　　　　　　　　　　　　　crubio@diamondmccarthy.com

　　　　　　　　　　　　　　　　　　*Counsel to Island Operating Company, Inc.*