## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ROOSTER PETROLEUM, LLC | § § | Case No. 17-50708 |
| Debtor. | § § § | Chapter 7 |
| ELIZABETH G. ANDRUS, TRUSTEE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 19-05054 |
| ISLAND OPERATING COMPANY, INC., | § § § | |
| Defendant. | § § | |

## DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Island Operating Company, Inc. ("Defendant"), by and through its undersigned counsel, hereby files this First Amended Answer and Affirmative Defenses ("Answer") to the First Amended Complaint [Dkt. No. 24] (the "Complaint") filed by Elizabeth G. Andrus, as Trustee (the "Trustee" or "Plaintiff"). Defendant respectfully states as follows:

### RESPONSES TO ALLEGATIONS IN THE COMPLAINT

#### Jurisdiction

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

#### Venue

4. Defendant admits the allegations in paragraph 4 of the Complaint.

### Parties

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

### Background Facts

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 and otherwise denies the same.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 and otherwise denies the same.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 and otherwise denies the same.

### COUNT I – PREFERENTIAL TRANSFER

19. Defendant reasserts and realleges the responses contained in the foregoing paragraphs as though fully restated herein.

20. Defendant admits the legal statement contained in paragraph 20. Otherwise, to the extent the paragraph states the relief sought by Plaintiff, no answer is required.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Paragraph 23 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

## COUNT II – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 520(d)

24. Defendant admits the legal statement contained in paragraph 24.

25. Paragraph 25 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

## RELIEF REQUESTED

26. Paragraph 26 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

27. Paragraph 27 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

28. Paragraph 28 of the Complaint states the relief sought by Plaintiff; thus, no answer is required. To the extent an answer is required, Defendant denies the allegations.

## Prayer

Subparagraphs (a) through (d) of the Prayer state the relief sought by Plaintiff for which no answer is required. To the extent an answer is required, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the causes of action alleged by Plaintiff in the Complaint. By designating the following as affirmative defenses, Defendant does not admit any of the allegations in Plaintiff's claims, or waive or limit any defenses which are or

may be raised by its denials, allegations and averments set forth herein. Defendant has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown and unstated, affirmative defenses. Defendant reserves the right to amend its answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

### 1. First Affirmative Defense

29. The alleged transfers set forth in the Complaint are not avoidable pursuant to § 547(c)(2)(A) of the Bankruptcy Code because the alleged transfers were in payment of debts incurred in the ordinary course of business and financial affairs of the Debtor and Defendant.

### 2. Second Affirmative Defense

30. The alleged transfers set forth in the Complaint are not avoidable pursuant to § 547(c)(2)(B) of the Bankruptcy Code because the alleged transfers were made according to ordinary business terms pursuant to § 547(c)(2)(B) of the Bankruptcy Code.

### 3. Third Affirmative Defense

31. The alleged transfers set forth in the Complaint are not avoidable pursuant to § 547(c)(4) of the Bankruptcy Code because after such alleged transfers the Defendant gave new value for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### 4. Fourth Affirmative Defense

32. The alleged transfers set forth in the Complaint are not avoidable because the Defendant maintained rights to perfect oil and gas liens under Sections 362 and 546(b) of the Bankruptcy Code which would not otherwise have been avoidable, and thus, Defendant did not

obtain from the Debtor any greater interest than it would otherwise have realized pursuant to Section 547(b)(5) of the Bankruptcy Code.

### 5. Fifth Affirmative Defense

33. The Plaintiff's claims against the Defendant are barred, in whole or in part, by the doctrine of unjust enrichment.

### Reservation of Rights

34. Defendant reserves the right to supplement the foregoing and assert additional affirmative defenses after discovery of additional information concerning the matters set forth in the Complaint.

35. Defendant further reserves its right to move to withdraw the reference to the United States Bankruptcy Court for the Western District of Louisiana.

### Jury Demand

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, as applicable through Rule 9015 of the Federal Rules of Bankruptcy Procedures, Defendant hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Defendant, Island Operating Company, prays that that this Court enter an order that Plaintiff take nothing and award Island Operating Company costs and grant any other relief to which it may be justly entitled.

Respectfully submitted this 2nd day of December 2019.

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

*/s/ Benjamin W. Kadden*
BENJAMIN W. KADDEN, T.A. (LA #29927)
JAMES W. THURMAN (LA #38494)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail: bkadden@lawla.com;
        jthurman@lawla.com

- and -

DIAMOND McCARTHY LLP
Charles M. Rubio, Admitted Pro Hac Vice
295 Madison Ave., 27thFl.
New York, NY 10017
Tel: (212) 430-5400
Email: crubio@diamondmccarthy.com

*Counsel to Island Operating Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2019, I filed the foregoing electronically with the Clerk of the Court, which will serve all parties who have appeared in this matter via the Court's CM/ECF system.

*Benjamin W. Kadden*